# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br><br>Dennis W. Haack,<br><br>Debtor. | Case No. 24-12425-beh<br>Chapter 11 (Subchapter V) |

## SECTION 1188(c) PRECONFERENCE REPORT

NOW COMES Dennis W. Haack, the debtor herein ("**Debtor**" or "**Haack**"), by his attorneys, Richman & Richman LLC, by Attorneys Claire Ann Richman and Eliza M. Reyes, and submits the following report as required by 11 U.S.C. § 1188(c), in advance of the Subchapter V Status Conference scheduled for January 22, 2025 at 10:00 a.m.

1. The efforts the debtor has undertaken or will undertake to attain a consensual plan of reorganization. See 11 U.S.C. § 1188(c).

   a) Haack primarily does business as Haack's Concessions, which sells classic fair food at community fairs and carnivals, and events and conventions in various locations in the United States. Haack is also the majority member (51% interest) of H and R Rental Properties LLC, a Wisconsin Limited Liability Company ("**H and R**") which owns real estate located in Pecatonica, Illinois. Haack is analyzing his future cash flow and preparing cash flow projections to propose a plan that will disburse disposable income to his creditors, such that he can continue doing business and operating as

Haack's Concessions, and that his creditors will receive payment on their claims. Once the plan terms are known, Haack will solicit acceptances and attempt to work with its creditors to resolve potential plan objections proactively, utilizing the Subchapter V Trustee as necessary to mediate any disputes.

2. Any complications the debtor perceives in promptly proposing and confirming a plan, including any need for discovery, valuation adjudication, motion practice, claim adjudication, or adversary proceeding litigation.

   a) At this time, Haack is unaware of any issues preventing him from proposing a plan of reorganization within the 90-day deadline, i.e. by February 25, 2025, but reserves the right to move to extend the 90-day deadline should any such issues arise.

3. The nature of the debtor's business or occupation and the goals of the reorganization plan.

   a) As previously stated herein, Haack primarily does business as Haack's Concessions, which sells classic fair food at community fairs and carnivals, and events and conventions in various locations in the United States.

   b) During the pandemic, Haack saw a downturn in his business due to the cancellations of fairs, carnivals, concerts, and other large public gatherings at which Haack would typically sell his food offerings. While recovering from COVID operationally, Haack's business operations suffered a significant blow when his relationship with a carnival operator ended after

the carnival was sold to a new owner. Haack had relied upon the previous carnival owner to book his services and such bookings guaranteed that Haack would be fully booked at carnivals in certain parts of the country during the spring and fall. When the new owner took over, the new owner did not use Haack's services and instead used its own food vendors. Loss of these bookings lead to loss of sales for Haack, which in turn caused Haack to fall behind in payments to his secured lenders and taxing authorities. Three of Haack's trailers were then repossessed by a secured lender, which caused Haack to have to downsize his operations. Haack has regained a majority of his lost bookings and is once again traveling all over the United States to sell at such events.

c) Haack believes that with a reorganization of his debts, he will be able to continue to operate Haack's Concessions successfully.

4. Any motions the debtor contemplates filing or expects to file before confirmation.

a) Haack is currently evaluating whether he needs to file any motions to promote the efficient administration of his bankruptcy estate.

5. Any objections to claims or interests the debtor expects to file before plan confirmation and any potential need to estimate claims for voting purposes.

a) The deadline for the filing of proofs of claim is February 5, 2005, and the deadline for the filing of proofs of claim by governmental units is May 26, 2025. Proofs of claim have been filed by several of the Debtor's creditors,

3

including the proofs of claim filed by several governmental units. The Debtor is evaluating claims and the necessity to object to same.

6. Estimated time by which the debtor expects to file and serve its plan of reorganization.

a) February 25, 2025.

7. All dates on which the debtor will be unable to attend a hearing on confirmation.

a) Haack is currently on the road doing business. Haack expects to be back in the Wisconsin area by the second week of April 2025, and continuing. If a confirmation hearing is scheduled before the second week of April 2025, Haack will adjust his travel schedule as necessary.

8. Other matters that the debtor expects the Court will need to address before confirmation.

a) None known at this time.

9. Other issues that the debtor contends could have an effect on the efficient administration of this case.

a) None known at this time.

**[Signatures appear on the following page.]**

4

Dated: January 8, 2025.

                **RICHMAN & RICHMAN LLC**
                **Attorneys for Dennis W. Haack**

By:       */s/ Eliza M. Reyes*
        Claire Ann Richman
        Eliza M. Reyes
        122 W. Washington Ave., Suite 850
        Madison, WI 53703
        Tel: (608) 630-8990; Fax: (608) 630-8991
        crichman@randr.law
        ereyes@randr.law